UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PERMA-LINER INDUSTRIES,
INC.,

     Plaintiff,

v.                         CASE NO. 8:11-CV-22-T-17AEP

LMK ENTERPRISES, INC.,

     Defendant.

_____/

ORDER

This cause is before the Court on:

Dkt. 6  Motion to Dismiss Count II of Complaint
Dkt. 12 Opposition

The Complaint (Dkt. 1) of Plaintiff Perma-Liner Industries,
Inc. ("Perma-Liner") seeks a declaration that Defendant's Patents
('937, '413, '055, '081) are invalid (Count I), and a declaration
that Plaintiff's second modified InnerSeal System does not
infringe Defendant's '079 Patent (Count II).  The Exhibits
attached to the Complaint include: 1) Composite Exhibit A -
Consent Judgment and Injunction in Case No. 8:08-CV-811-T-17, LMK
Enterprises, Inc. et al. v. Perma-Liner Industries, Inc.,
Settlement Agreement, with attached Exhibit 1 (InnerSeal System),
Exhibit 2 (Patent License Agreement); Exhibit 3 (Proposed Consent
Judgment and Injunction, with attachments); 2) Exhibit B -
Excerpt of Deposition of Gerald D'Hulster take June 9, 2010.,
Testimony pp. 21-26; and 3) Exhibit C - Letter of December 14,
2010, Jeffrey D. Harty, Esq. (LMK's counsel) to Suzette M.
Marteny, Esq. (Perma-Liner's counsel).

Case No. 8:11-CV-22-T-17AEP

Defendant LMK Enterprises, Inc. ("LMK") moves the Court to
dismiss Count II because Count II requests an advisory opinion as
to issues of infringement regarding an allegedly altered version
of Plaintiff's InnerSeal System. Defendant LMK argues that no
case or controversy exists between the parties regarding Count
II, as Defendant LMK has never seen or observed the second
altered InnerSeal System, Defendant LMK was not aware of the
existence of a second altered InnerSeal System at the time the
Complaint was filed, and Defendant LMK has had no contact with
Plaintiff Perma-Liner relating to the second modified InnerSeal
System. Defendant LMK argues that Plaintiff Perma-Liner has not
suffered an injury-in-fact which is fairly traceable to
Defendant's conduct. Defendant LMK argues that: 1) LMK has made
no assertion of right concerning the second altered InnerSeal
System; and 2) Perma-Liner's claims of substantial difference
between the first and second altered systems preclude argument
that prior litigation between the parties creates a justiciable
controversy between the parties.

Defendant LMK argues that LMK has made no concrete claim of
a specific right as to the second modified InnerSeal System, and,
at the time the Complaint was filed, LMK was completely unaware
of the potentially infringing method or device. Defendant LMK
argues that, at the time Defendant's Motion to Dismiss was filed,
LMK could not assert a concrete claim of right as to the second
modified InnerSeal System, as no employee of LMK has seen or
evaluated the second modified InnerSeal System. LMK argues that
LMK's employees were not aware that Perma-Linder had developed a
second modified InnerSeal System. Defendant LMK further argues
that prior litigation between the parties does not create a
justiciable controversy, although prior litigation is one

2

Case No. 8:11-CV-22-T-17AEP

circumstance to be considered in assessing whether the totality
of the circumstances creates an actual controversy.  Defendant
LMK argues that Plaintiff Perma-Liner alleges that the second
modified InnerSeal System is significantly different from prior
products such that it does not infringe the '079 Patent.
Defendant LMK argues that, in light of the allegation of a
significant difference from prior product, the prior litigation
cannot be asserted as the basis for declaratory judgment
jurisdiction in the present suit.

     The '079 patent is directed to the repair of the junction
between main/lateral pipes.  The '079 patent was the subject of
Case No. 8:08-CV-811-T-17TGW, in which Plaintiff Perma-Liner
admitted that its original InnerSeal System infringed the '079
Patent, and in which Plaintiff Perma-Liner was enjoined from
further unlicensed sales of the InnerSeal System.

     Plaintiff Perma-Liner Industries Inc. responds that there is
a definite and concrete dispute between Plaintiff and Defendant
LMK relating to the '079 Patent and any version of Plaintiff's
Perma-Liner InnerSeal system.   Plaintiff Perma-Liner argues that
the only mechanism by which Plaintiff will be able to avoid
another contempt sanction is to have this Court declare that the
Second Modified InnerSeal System does not infringe the '079
Patent and is more than a colorable variation of the '079 Patent.

     Plaintiff Perma-Liner refers to: 1) Case No. 8:08-CV-811-T-
17TGW; 2) related contempt proceedings in 2009 and 2010; 3) this
case; and 4) an Illinois state court action, filed 2/10/2011, for
breach of patent licensing agreement (related to sales of various
versions of InnerSeal System). (Dkt. 12, p. 3).  Plaintiff

3

Case No. 8:11-CV-22-T-17AEP

argues that this case concerns the same dispute between the same parties over the same patent, and modifications to the same product.

I.  Standard of Review

A.  Declaratory Judgment

The Declaratory Judgment Act is not an independent basis for subject matter jurisdiction, but provides a remedy available only if the court has jurisdiction from some other source.  Prasco, LLC v. Medicis Pharm. Corp., 537 F.3d 1329, 1335 (Fed. Cir. 2008).  The analysis must be calibrated to the particular facts of each case, with the basic standard being whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  Id. at 1336 (quoting Medimmune, Inc. v. Genentech, Inc., 127 S.Ct. 764, 771 (2007)).

Federal Circuit law governs case or controversy issues involving declaratory judgment determinations about patent infringement or validity.  See Adenta GmbH v. OrthoArm, Inc., 501 F.3d 1364, 1368 (Fed. Cir. 2007).

An action is justiciable under Article III only where: 1) the plaintiff has standing; 2) the issues presented are ripe for judicial review; and 3) the case is not rendered moot at any stage of the litigation.  These principles are a helpful guide in applying the "all-the-circumstances" test.  Caraco Pharm. Labs. Ltd. v. Forest Labs., 527 F.3d 1278, 1290 (Fed. Cir. 2008).

4

Case No. 8:11-CV-22-T-17AEP

In Medimmune, supra, the Supreme Court rejected the "reasonable apprehension of imminent suit" requirement, which required both: 1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit; and 2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such an activity. Proving a reasonable apprehension of suit is only one of many ways a patentee can satisfy the Supreme Court's "under all the circumstances" test to establish an action presents a justiciable Article III controversy. Other ways may include demanding a right to royalty payments, or creating a barrier to regulatory approval of a product that is necessary for marketing the product.

A controversy is ripe for adjudication if the question presented is "'fit for judicial review,'" such that the controversy is entirely or substantially a question of law and the postponement of a decision would work a substantial hardship on the challenging party. Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp., 482 F.3d 1330, 1338 (Fed. Cir. 2007).

"Although Medimmune clarified that an injury-in-fact sufficient to create an actual controversy can exist even when there is no apprehension of suit, it did not change the bedrock rule that a case or controversy must be based on a real and immediate injury or threat of future injury that is caused by the defendants--an objective standard that cannot e met by a purely subjective or speculative fear of future harm. Thus...jurisdiction generally will not arise merely on the basis

5

Case No. 8:11-CV-22-T-17AEP

that a party learns of the existence of a patent owned by another
or even perceives such a patent to pose a risk of infringement,
without some affirmative act by the patentee." SanDisk, 480 F.3d
at 1380-81."  See Prasco LLC v. Medicis Pharmaceutical
Corp., 537 F.3d 1329, 1339 (Fed. Cir. 2008).


II.  Discussion

     In determining jurisdiction, the Court properly focuses on
the facts as they existed at the time of the filing of the
complaint.  GAF Bldg. Materials Corp. v. Elk Corp., 90 F.3d 479,
486 (Fed. Cir. 1996).  Defendant LMK Enterprises, Inc. has made a
factual attack on the Court's jurisdiction over Count II.
Defendant LMK has presented affidavits which establish that
Defendant had no knowledge of the Second Modified InnerSeal
System at the time that this case was commenced.

     If a declaratory judgment defendant adequately challenges
jurisdiction in fact, the allegations of the complaint are not
controlling.  In the face of an adequate factual challenge, the
burden is on Perma-Liner Industries, Inc. to demonstrate facts
sufficient to support its contention as to the Court's
jurisdiction.  Once jurisdiction is factually challenged,
allegations alone are insufficient to meet the complainant's
burden.  Perma-Liner must produce sufficient evidence to
establish subject matter jurisdiction.


A.  Background

     The Court notes that in Case No. 8:08-CV-811-T-17TGW, the
parties entered into a Settlement Agreement and Patent License

6

Case No. 8:11-CV-22-T-17AEP

Agreement.  In the Settlement Agreement, Perma-Liner Industries,
Inc. admitted that use of the InnerSeal System (in its then form)
infringed claims 7, 8, and 9 of the '079 Patent.  The '079 Patent
is a method and apparatus patent for an improved method and
apparatus for repairing the juncture of a main sewer line with a
lateral pipe.  The '079 Patent contains thirteen claims.  The
Court entered a Consent Judgment and Injunction, in which the
parties stipulated that the '079 Patent is not invalid or
unenforceable, and that Perma-Liner's InnerSeal System infringed
claims 7, 8 and 9 of the '079 Patent.  The Consent Judgment
further provided that Perma-Liner is enjoined from practicing
without a license, and from causing any other entity to practice
without a license, the method of using the Perma-Liner InnerSeal
System as described in Attachment A to the Consent Judgment, or
any colorable variation thereof that also infringes the '079
Patent.  The Court retained exclusive jurisdiction for the
enforcement of the Consent Judgment and Injunction.

After termination of the License Agreement, LMK Enterprises,
Inc. moved for an order to show cause and for a contempt order.
LMK Enterprises, Inc. then learned that Perma-Liner, Inc.
modified its InnerSeal System.  After an evidentiary hearing
before the assigned Magistrate Judge, and the issuance of a
Report and Recommendation which addressed the manner of the
modifications, the Court determined that the (first) modified
InnerSeal System was a colorable variation of the infringing
system and infringed the '079 patent.  The Court found that
Perma-Liner Industries, Inc. was in contempt of the Injunction
previously entered.  The Court further found that Perma-Liner's
sales of the infringing InnerSeal System and the modified
InnerSeal System which took place after termination of the

7

Case No. 8:11-CV-22-T-17AEP

license on January 11, 2009 were a violation of the Injunction.
The Court retained jurisdiction for entry of order awarding
monetary sanctions for civil contempt, including the award of
attorney's fees and costs.

The Court notes that in Tivo, Inc. v. Echostar Corp., 2011
U.S. App. LEXIS 8142 (Fed. Cir. 4/20/2011) the Federal Circuit
overruled the KSM Fastening test, "telescoping the two-fold
inquiry into one, eliminating the separate determination whether
contempt proceedings were properly initiated." In Tivo, Inc., the
Federal Circuit held that a district court has broad discretion
to determine whether contempt proceedings are appropriate, based
on the detailed accusation from the injured party which sets
forth the facts constituting the contempt.  The Federal Circuit
further held that, in determining whether an injunction against
patent infringement has been violated, a district court would
continue to employ the "more than colorable variation" standard.
The test for colorable differences requires determining "whether
substantial open issues with respect to infringement to be tried"
exist.  The Federal Circuit explains that contempt analysis must
focus initially on the differences between the features relied
upon to establish infringement and the modified features of the
newly accused products.  Where one of the elements previously
found to infringe has been modified or removed, the court must
make an inquiry into whether that modification is significant.
If the differences between the old and new elements are
significant, the newly accused product as a whole shall be deemed
more than colorably different from adjudged infringing one, and
the inquiry into whether the newly accused product actually
infringes is irrelevant.  Contempt is then inappropriate.

8

Case No. 8:11-CV-22-T-17AEP

The Federal Circuit further explains the a district court
must also look at relevant prior art to determine if the
modification merely employs or combines elements already known in
the prior art in a manner that would have been obvious to a
person of ordinary skill in the art at the time the modification
was made.  A nonobvious modification may result in a finding of
more than colorable difference.  The district court may seek
expert testimony in making the determination, where useful.  The
Federal Circuit further explains that the analysis may also take
account of the policy that legitimate design-around efforts
should always be encouraged as a path to spur further innovation,
but noting that design-around efforts should not be used to mask
continued infringement.

When the district court determines that the differences
between the infringing product and newly accused product are not
more than colorable, the Federal Circuit further explains:

> Conversely, when a court concludes that there
> are no more than colorable differences
> between the adjudged infringing product and
> modified product, a finding that the newly
> accused product continues to infringe the
> relevant claims is additionally essential for
> a violation of an injunction against
> infringement. KSM, 776 F.2d at 1528. Thus,
> the court is required to evaluate the
> modified elements of the newly accused
> product against the asserted claim, on a
> limitation by limitation basis, to ensure
> that each limitation continues to be met. In
> making this infringement evaluation, out of
> fairness, the district court is bound by any
> prior claim construction that it had
> performed in the case. The patentee bears the
> burden of proving violation of the injunction
> by clear and convincing evidence, a burden
> that applies to both infringement and

9

Case No. 8:11-CV-22-T-17AEP

colorable differences.

See, Tivo, Inc. v Echostar Corp., supra (internal citations
omitted).

B.  Standing

The party invoking federal jurisdiction bears the burden of
proving the essential elements of standing, although "[a]t the
pleading stage, general factual allegations of injury resulting
from the defendant's conduct may suffice."  Lujan v. Defenders of
Wildlife, 504 U.S. 555, 561 (1992).  These elements include: 1)
the plaintiff must have suffered an injury in fact--an invasion
of a legally protected interest which is (a) concrete and
particularized and (b) actual and imminent, not conjectural or
hypothetical; 2) there must be a causal connection between the
injury and the conduct complained of--the injury has to be fairly
traceable to the challenged action of the defendant and not the
result of the independent action of some third party not before
the Court; and 3) it must be likely, as opposed to merely
speculative, that the injury will be redressed by a favorable
decision.  Lujan, supra, at 560-561.

Standing is a threshold jurisdictional question which must
be addressed prior to and independent of the merits of a party's
claims.  See Bochese v. Town of Ponce Inlet, 405 F.3d 964, 974
(11th Cir. 2005).

Defendant argues that there is no controversy as to the
second modified InnerSeal System, of which Defendant had no
knowledge prior to the filing of the Complaint, and which

10

Case No. 8:11-CV-22-T-17AEP

Plaintiff has alleged is significantly modified from the
InnerSeal System which infringed Defendant's '079 patent.
Defendant has provided affidavits to support Defendant's Motion
to Dismiss. (Dkt. 6, Exhs. 1-4).

Plaintiff argues that Count II is a continuation of an on-
going controversy.

Under Medimmune, the reasonable apprehension of suit remains
a relevant factor in determining jurisdiction.  Plaintiff Perma-
Liner does not argue that some other factor besides the
reasonable apprehension of suit or threat of a future suit
constitutes Plaintiff's injury-in-fact as to Count II.

Absent an injury-in-fact fairly traceable to the patentee,
there can be no immediate and real controversy.  A fear of future
harm that is only subjective is not an injury or threat of injury
caused by the defendant that can be the basis of an Article III
case or controversy.  "Jurisdiction generally will not arise
merely on the basis that a party perceives a patent to pose a
risk of infringement, without some affirmative act by the
patentee.  SanDisk at 1380-1381."  Prasco, supra, at 1338-1339.

In this case, as in Prasco, LLC v. Medicis, supra, and
Medimmune, supra, standing and ripeness boil down to the same
question.  At issue is the first prong of the "old" test; it is
undisputed that Perma-Liner Industries, Inc. has produced a
second modified InnerSeal System, and is currently marketing and
selling it.  The Court notes that there were ongoing negotiations
and communication between the parties prior to the commencement
of this case, but Perma-Liner never communicated the existence of

11

Case No. 8:11-CV-22-T-17AEP

the second modified InnerSeal System to LMK or outlined the
differences between the second modified InnerSeal System and
prior infringing products to LMK.  Perma-Liner could have sought
a covenant not to sue from LMK, but there is no evidence that
Perma-Liner did so.

The Court recognizes that it has continuing jurisdiction as
to products which are determined to be a colorable variation of
the prior infringing products, but Perma-Liner's allegation of
significant difference means that additional fact-finding will be
necessary to resolve the dispute.  Therefore, the Court gives
little weight to its continuing jurisdiction to enforce the
Injunction entered in Case No. 8:08-CV-811-T-17.

Perma-Liner and LMK are competitors in the trenchless sewer
repair business and in the past have communicated in an effort to
resolve business disputes without litigation, but Perma-Liner has
proceeded directly to litigation as to the second modified
InnerSeal System.  Because Perma-Liner filed suit without ever
communicating with LMK as to the second modified InnerSeal
System, LMK does not know what the differences between the second
modified InnerSeal System and other products include, has not had
the opportunity to evaluate the System, and make any
determination as to whether the second modified InnerSeal System
infringes the '079 Patent.  The Court notes that LMK has
commenced litigation in the past, so it seems unlikely that there
is any threat of delay prompted by the opposing party's
unwillingness to litigate to resolve a dispute.

The purpose of the declaratory action is to allow a party
"who is reasonably at legal risk because of an unresolved

12

Case No. 8:11-CV-22-T-17AEP

dispute, to obtain judicial resolution of that dispute without
having to await commencement of legal action by the other side."
There is no bright-line rule for determining whether an action
satisfies the case or controversy requirement; it is a question
of degree.

Perma-Liner has not brought forth any evidence to refute the
LMK's factual challenge. Perma-Liner does not deny that Perma-
Liner did not communicate with LMK as to the existence of the
second modified InnerSeal System, or that Perma-Liner has no
basis to determine whether sales of the second modified InnerSeal
System would violate the Injunction (Dkt. 6, Exhs. 1-4). Perma-
Liner has not established that LMK made a demand for royalty
payments as to the second modified InnerSeal System.    After
consideration, the Court concludes that, in spite of the past
litigation as to infringement of the '079 patent relating to
other products, the Court does not have jurisdiction as to Count
II due to the absence of standing and ripeness. Upon considering
the totality of the circumstances, the Court finds that Perma-
Liner has not alleged a controversy of sufficient "immediacy and
reality" to create a justiciable controversy. Accordingly, it is

**ORDERED** that Defendant LMK's Motion to Dismiss Count Two is
**granted**.

Case No. 8:11-CV-22-T-17AEP

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this
12 day of July, 2011.


ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

14